**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**PINE BLUFF DIVISION**

**RODNEY RAYBURN**                                                                                       **PLAINTIFF**

**V.**                                    **CASE NO. 5:16-CV-00175 BRW/BD**

**TOM RUSSELL**                                                                                        **DEFENDANT**

**RECOMMENDED DISPOSITION**

**I.**     **Procedure for Filing Objections**

This Recommended Disposition ("Recommendation") has been sent to Judge Billy Roy Wilson.  Mr. Rayburn may file written objections to this Recommendation, but if he files objections, they must be specific and must include the factual or legal basis for the objection.  Also, to be considered, objections must be received in the office of the United States District Court Clerk within fourteen (14) days of this Recommendation.

If no objections are filed, Judge Wilson can adopt this Recommendation without independently reviewing the record.  By not objecting, Mr. Rayburn risks waiving his right to appeal questions of fact.

**II.**    **Discussion**

A.     Background:

Rodney Rayburn, a pre-trial detainee at the Arkansas County Detention Center ("Detention Center"), filed this lawsuit without the help of a lawyer under 42 U.S.C. § 1983.  (Docket entry #2)  He complains that, in October 2015, Defendant Tom Russell violated his constitutional rights by placing him in a cell without clothes for twelve hours.

Unfortunately for Mr. Rayburn, his allegations do not rise to the level of a constitutional violation.

B.  Analysis:

Federal courts are required to screen prisoner complaints that seek relief from government employees, such as Defendant Russell. The court must dismiss any claim that fails to state a federal claim for relief. See 28 U.S.C. § 1915A.

Here, Mr. Rayburn alleges that, while he was on suicide watch at the Detention Center, Defendant Russell placed him in a cell without any clothes for a twelve-hour period. Mr. Rayburn specifically alleges that he "was left in a holding cell stark naked and freezing on a concrete slab." (#2 at p.4)

As a pre-trial detainee, Mr. Rayburn's claims are analyzed under the Fourteenth Amendment's Due Process Clause. *Owens v. Scott County Jail*, 328 F.3d 1026, 1027 (8th Cir. 2003) (citing *Bell v. Wolfish*, 441 U.S. 520, 535, 99 S.Ct. 1861 n. 16 (1979)). To succeed on this claim, Mr. Rayburn must show that Defendant Russell's conduct was intended to punish, *Bell*, 441 U.S. at 53-39, and that Defendant Russell was deliberately indifferent to an excessive risk to his health or safety. See *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

Even if Mr. Rayburn perceived Defendant Russell's actions as punitive, "[a]n official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot . . . be condemned as the infliction of

punishment." *Id*. at 838. Furthermore, the Eighth Circuit has "has not adopted an unconditional prohibition against deprivations of necessities." *Green v. Baron*, 879 F.2d 305, 310 (8th Cir. 1989) (citing *Johnson v. Williams*, 788 F.2d 1319, 1323 (8th Cir. 1986), and *Rust v. Grammer*, 858 F.2d 411, 414 (8th Cir. 1988)). In fact, the Court has held that "deprivations, such as clothing or bedding from a suicidal person who is in custody, do not violate the Constitution." *Id.* (citing *McMahon v. Beard*, 583 F.2d 172, 175 (5th Cir. 1978).

Here, Mr. Rayburn has not alleged the kind of extreme deprivations that would lead the Court to conclude that he was deprived of the minimal civilized measure of life's necessities. See *O'Leary v. Iowa State Men's Reformatory*, 79 F.3d 82, 83-84 (8th Cir. 1996) (four days without underwear, blankets, mattress, exercise, and visits not a constitutional violation); *Williams v. Delo*, 49 F.3d 442, 444 (8th Cir. 1995) (four days without clothes, mattress, running water, bedding, mail, hot food, and hygienic supplies not a constitutional violation); *Ingram v. Cole County*, 2015 WL 5619211 (W.D. Mo. 2015) (seven hours without clothing did not violate pre-trial detainee's due process rights). Moreover, Mr. Rayburn has not alleged facts to show that Defendant Russell was deliberately indifferent to his health or safety. Without doubt, being housed in a cell without clothing was uncomfortable, but the Constitution does not mandate comfortable prisons. *Rhodes v. Chapman*, 452 U.S. 337, 349, 101 S. Ct. 2392, 2400 (1981).

### III.   Conclusion

After viewing the allegations in Mr. Rayburn's complaint in a light most favorable to him, the Court nonetheless recommends that Mr. Rayburn's claims be DISMISSED, without prejudice, based on his failure to state a constitutional claim for relief.

DATED this 13th day of June, 2016.

_____
UNITED STATES MAGISTRATE JUDGE